UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRANDON MCFADDEN,

        Plaintiff,

   - against -

NEW YORK STATE DIVISION OF PAROLE;
DEPARTMENT OF CORRECTION; NASSAU
COUNTY CORRECTION; RIKERS ISLAND;
NICOLE CANTO; IRWIN DAVIES,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-6075 (RRM)(VVP)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that his "double je[o]pardy rights" have been violated by defendants. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order and plaintiff is afforded thirty days to file an amended complaint as set forth below.

### BACKGROUND

It appears that plaintiff alleges that the defendants have made a record-keeping error and assigned him a DIN (Department Identification Number used by the New York State Department of Corrections) from a sentence that he has served. He alleges that this violates his double jeopardy rights and that he learned of the error on August 10, 2011.

The complaint alleges the following facts:

> While I was waiting on my appeal, I was sent a pi[e]ce of paper work form parole stating that I maxed out on my 06R1566 Din number. Now after I got a direct appeal, case dismissed from the 09 number when I was release how am I given

> back a number that I maxed out on that is a violation of my double je[o]pardy rights and since my reversal I've I explain to parole about the situ[a]tion and continue to report to parole for 12 months without a violation. Parole never straighten this problem out which I explain to them numerous times, Department of Correction also intwined [*sic*] there self into the situ[a]tion when they merged with parole and incarcerated me on charges that I am out on bail on Riker's Island, Nassau County which are correctional facility that I am being held in both.

Complaint at ¶ II (D). Plaintiff seeks two million dollars in damages for mental anguish and pain and suffering. Complaint at III.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord,* 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

2

However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

### A. No Constitutional Violation

Plaintiff files this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of must have been

3

committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). As a threshold matter, analysis of a claim brought under Section 1983 begins with identification of the precise constitutional right allegedly violated. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Plaintiff alleges that assigning him an old "maxed out" DIN number violates the prohibition against double jeopardy contained in the United Sates Constitution. Plaintiff misapprehends Double Jeopardy. The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977)); *see also Morris v. Reynolds*, 264 F.3d 38, 49 (2d Cir. 2001) ("[T]he double jeopardy bar prohibits not only multiple punishments for the same offense, but also a second prosecution following conviction."). Plaintiff does not allege that he is serving his 2006 *sentence* a second time, only that he "was given back a number that I maxed out on." The complaint, as currently stated, does not allege a constitutional violation.

**B. Leave to Amend**

However, in an abundance of caution and because it is unclear what 42 U.S.C. § 1983 claim plaintiff may be trying to allege, plaintiff is afforded thirty days to submit an amended complaint. His amended complaint must comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, plaintiff must provide a short, plain statement of claim against each

4

defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Plaintiff is afforded thirty days to file an amended complaint in which he complies with Federal Rule of Civil Procedure 8. *See Ashcroft v. Iqbal*, 55 U.S. at 678 (a claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged"). Plaintiff must connect the facts to the defendants so that the defendants will have notice of the claim against them as required by Federal Rule of Civil Procedure 8.

## CONCLUSION

Accordingly, plaintiff's complaint against defendants New York State Division of Parole, Department of Correction, Nassau County Correction, Rikers Island, Nicole Canto, and Irwin Davies is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A. No summons shall issue as to these defendants.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint setting forth his claims against each defendant named in the amended complaint. Any such amended complaint shall be captioned "Amended Complaint," and bear the same docket

number as this Order.  Plaintiff is advised that the amended complaint will completely replace the original complaint.  If plaintiff fails to comply with this Order within the time allowed, this action will be dismissed and judgment shall enter.  If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order to the plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
      December 27, 2011

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge